# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-53V
Filed: January 23, 2019
UNPUBLISHED

| | |
|---|---|
| ESTATE OF CONNIE LEE MAXIE, Decedent, by and through CLIFFORD N. BUGG, ESQ., as Successor Administrator,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS); Death |

*Isaiah Richard Kalinowski*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

　　On January 12, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Ms. Maxie suffered Guillain-Barre Syndrome ("GBS") that was caused-in-fact by administration of an influenza ("flu") vaccine on September 22, 2014. Petitioner further alleges that Ms. Maxie's alleged vaccine-related injury was a substantial factor in her death. Petition at 1-2; Stipulation, filed January 23, 2019, at ¶¶ 4. Petitioner further alleges that there has been no prior award or

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

settlement of a civil action for damages on Ms. Maxie's behalf as a result of Ms. Maxie's alleged injury or death.  Petition at 3; Stipulation at ¶¶ 5.  "Respondent denies that the flu vaccine caused Ms. Maxie's alleged GBS, or any other injury, and further denies that Ms. Maxie's death was a sequela of a vaccine-related injury. " Stipulation at ¶ 6.

Nevertheless, on January 23, 2019, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

> **A lump sum of $175,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Connie Lee Maxie**.  Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id*.

The undersigned approves the requested amount for petitioner's compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ESTATE OF CONNIE LEE MAXIE, Decedent, by and through CLIFFORD N. BUGG, ESQ., as Successor Administrator,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-53V (ECF)<br>Chief Special Master<br>Nora Beth Dorsey |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Timothy Maxie ("Mr. Maxie"), as Personal Representative of the Estate of Connie Maxie ("Ms. Maxie"), Deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), seeking compensation for injuries including Guillain-Barré syndrome ("GBS") and death allegedly related to Ms. Maxie's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). Due to Mr. Maxie's death, Clifford N. Bugg, Esq. ("petitioner"), was named as Successor Administrator to Ms. Maxie's estate.[1]

2. Ms. Maxie received a flu vaccine on or about September 22, 2014.

3. The vaccine was administered within the United States.

---

[1] The case caption was changed by the Chief Special Master on March 28, 2018.

4. Petitioner alleges that Ms. Maxie suffered GBS, which was caused in fact by administration of the flu vaccine. Petitioner further alleges that Ms. Maxies's alleged vaccine-related injury was a substantial factor in her death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Ms. Maxie's behalf as a result of Ms. Maxie's alleged injury or death.

6. Respondent denies that the flu vaccine caused Ms. Maxie's alleged GBS, or any other injury, and further denies that Ms. Maxie's death was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,000.00 in the form of a check payable to petitioner as the legal representative of the Estate of Connie Lee Maxie. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner represents that he has identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. §

300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Connie Lee Maxie's estate under the laws of the State of Ohio. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of Ms. Maxie's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Connie Lee Maxie at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Connie Lee Maxie upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as Administrator of the Estate of Connie Lee Maxie, on behalf of Ms. Maxie's estate and her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in

the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Maxie resulting from, or alleged to have resulted from, the flu vaccine administered on or about September 22, 2014, as alleged in a petition for vaccine compensation filed on January 12, 2017, in the United States Court of Federal Claims as petition No. 17-53V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Maxie's alleged GBS, or any other injury, or that Ms. Maxie's death was a sequela of a vaccine-related injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

/

/

/

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature: Clifford N. Bugg]*
CLIFFORD N. BUGG, ESQ.

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
ISAIAH KALINOWSKI, ESQ.
MAGLIO CHRISTOPHER & TOALE
1775 Pennsylvania Avenue, NW, #225
Washington, DC 20006
Tel: (888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

DATE: January 23, 2019

ATTORNEY OF RECORD FOR
RESPONDENT:

*Lisa A Watts*
*by Aeekes Bel—*
LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099

6